## INGALLS and others *v.* TICE and others.

(*Circuit Court, S. D. New York.* November 17, 1882.)

PATENTS FOR INVENTIONS—JURISDICTION—CONTRACT RIGHTS.

Where the validity and use of a patent are admitted, and the rights of the parties depend entirely upon a subsisting contract, the case is not one arising under the patent laws of the United States, and where the requisite diversity of citizenship between the parties does not exist, a circuit court of the United States has no jurisdiction.

*F. H. Angier,* for complainants.

*Kurzman & Yeaman,* for defendants.

WALLACE, C. J. It must be held, upon the authority of *Hartell v. Tilghman,* 99 U. S. 547, that as the defendants admit the validity and use of the complainants' patent, and a subsisting contract is shown governing the rights of the parties in the use of the invention, the case is not one arising under the patent laws of the United States; and the requisite diversity of citizenship between the parties not existing, this court has no jurisdiction. The license under which the defendants are alleged to use the invention, by its express terms, precludes them from contesting the validity of the letters patent, and the controversy which the bill discloses turns wholly on the construction and effect of the agreement of license, and the rights of the parties depend altogether upon common law and equity principles. This conclusion renders it unnecessary to present at length the reasons which lead to the decision of the several other grounds of demurrer taken, but it will suffice, to prevent any misapprehension, to state—

1. I concur with the complainant as to the construction of the condition of the defendants' license, and am of opinion that the patentee had the right to reserve from the operation of the license additional territory; and that, as the patentee, by the terms of her agreement with the complainants, could license no person without their consent, any reservation made by her out of the defendants' territory would inure to the complainants by way of an equitable estoppel.

2. The agreement between the patentee and the complainants did not transfer to the latter the legal title to the patent, and the patentee should therefore have been made a party to the suit.

3. The Dale Tile Manufacturing Company have no community of interest with the other complainants. Their interest in the subject-matter of the controversy is distinct from that of the other complain-

ants, because derived from the patentee by an independent license. The fact that this license was granted by the patentee to the Dale Tile Manufacturing Company with the consent of the other complainants, does not alter the character of the respective interests of the parties in the subject-matter. There is, therefore, a misjoinder of parties complainant.

The demurrer is allowed.

See **S. C.** *ante,* 297.